IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNA HARDGE, Individually and as next friend for M.H., a minor, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No: 3:06-CV-1985-M |
| BANK ONE TRUST COMPANY, N.A., ALLYSON NELSON, and MISHA HODGE, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Rule 12(b)(6) Motion to Dismiss filed by Defendant Bank One Trust Company, N.A. ("Bank One") on December 4, 2006. For the reasons stated below, the Motion is **GRANTED** as to Plaintiff's claim of negligence *per se*—which is **DISMISSED**—and **DENIED** as to the balance.

**I. BACKGROUND**

Plaintiff is Donna Hardge, individually and as next friend for her daughter, M.H.[1] Hardge's claims arise out of Bank One's alleged failure to timely pay insurance premiums in its capacity as trustee of a trust created for the benefit of M.H. under section 142 of the Texas Property Code.[2] *See generally* TEX. PROP. CODE ANN. § 142.005. The trust was set up to

---

[1] Although the Court references the minor, M.H., by her initials, the petition as filed in state court includes her full name. If Hardge wishes to protect the minor's identity, she should file an appropriate motion to do so.

[2] Allyson Nelson and Misha Hodge are both alleged by the petition to have been employees of Bank One at the times relevant to this action. Only Bank One moves for dismissal of Hardge's claims.

provide for the health and care of M.H., who suffers from a serious medical condition.

Hardge pleads that she resigned her employment as a school teacher to stay home with M.H., who needs around-the-clock supervision and medical attention. After her resignation, Hardge continued her medical coverage through the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA") to ensure M.H.'s continued medical care. Hardge contends she requested that the monthly disbursements from the trust for M.H.'s benefit be increased so Hardge could pay the COBRA premiums. Bank One insisted, however, that the COBRA premiums be paid directly by the trust to ADP Benefits Services ("ADP"), the COBRA plan administrator, rather than to Hardge. Hardge further contends that Bank One assured her that it assumed the responsibility of paying the monthly COBRA premiums to ADP.

Hardge received notice in August 2005 that payments to the COBRA plan administrator were late. Hardge contacted Bank One to advise it of the notice, and Bank One paid the premiums on August 30, 2005. Hardge contends that Bank One again assured her that it would pay the monthly COBRA premiums timely, but it again failed to do so, not issuing the next check until November 14, 2005. After this late payment, the COBRA plan administrator cancelled the insurance coverage, effective September 30, 2005. Bank One's attempts to have ADP reinstate the coverage were unsuccessful.

Immediately following the cancellation, M.H.'s condition deteriorated, requiring her hospitalization. Hardge pleads that the insurance cancellation caused her to incur medical expenses for M.H., which she cannot pay. Accordingly, she filed suit against Bank One claiming, *inter alia*, a violation of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), breach of contract, and negligence *per se*. Defendants removed the suit to this Court.

## II.  ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a Complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, the Complaint must be liberally construed in favor of the plaintiff, and all well-pled facts in the Complaint must be taken as true.  *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).  Dismissal is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).  In deciding a motion to dismiss, the Court does not evaluate the plaintiff's likelihood of success; the Court only determines whether the plaintiff has stated a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### *A. DTPA Claim*

Hardge asserts that Defendants have engaged in false, deceptive, and misleading acts and practices in the course of trade and commerce, in violation of the DTPA.  Bank One moves the Court to dismiss the DTPA claim, arguing (1) that Hardge is not a "consumer," as required by the DTPA, and (2) that Hardge is attempting to convert a cause of action for breach of fiduciary duty into a DTPA claim.  *See* TEX. BUS. & COM. CODE ANN. § 17.50(a).

"To qualify as a consumer, a plaintiff must prove that (1) it sought or acquired . . . goods or services by purchase or lease, and (2) the goods or services form the basis of the complaint."  *Roof Sys., Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 440 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  "A plaintiff establishes standing as a consumer in terms of his or her relationship

to a transaction, not by a contractual relationship with the defendant." *Canfield v. Bank One, Texas, N.A.*, 51 S.W.3d 828, 838 (Tex. App.—Texarkana 2001, pet. denied).  Consumer status is a question of law.  *Id.*

Bank One contends that its assurances that it would pay the COBRA premiums were gratuitous promises and thus that Plaintiffs did not purchase any service.  "A gratuitous act is not a purchase under the DTPA."  *Bass v. Hendrix*, 931 F. Supp. 523, 535 (S.D. Tex. 1996); *see also Angeles v. Brownsville Valley Reg'l Med. Ctr., Inc.*, 960 S.W.2d 854, 859 (Tex. App.—Corpus Christi 1997, pet. denied).  At this stage of the litigation, the Court has before it scant evidence regarding the creation of the trust at issue, save that it was created by court order pursuant to section 142.005 of the Texas Property Code, which provides that a mandatory provision of such trusts is that "the trustee may disburse amounts [from the trust] as the trustee in his sole discretion determines to be reasonably necessary for the health, education, support, or maintenance of the beneficiary."  TEX. PROP. CODE ANN. § 142.005(b)(2).  Bank One contends that because the establishment of the trust vested Bank One, as trustee, with discretion in the disbursement of the trust's proceeds, its later assurances that it would disburse funds in a particular manner were gratuitous, and thus not "purchases" within the meaning of the DTPA.  The Court disagrees.  Bank One received payment for its services as the trustee of the trust created for M.H.'s benefit, and that it had discretion in the performance of its duties does not transform its assurances to pay the COBRA premiums—assurances allegedly made in the performance of its trustee obligations—into gratuitous promises.  Hardge relied on that

commitment which was designed to benefit M.H. and preserve her medical coverage.[3]

Bank One alternatively moves for dismissal of Hardge's DTPA claim, arguing that she is inappropriately attempting to convert a cause of action for breach of fiduciary duty into one under the DTPA. For this argument, Bank One relies exclusively on *Canfield*, 51 S.W.3d at 838–39. In *Canfield*, the plaintiff alleged a cause of action under the DTPA against his bank for paying a check on an unauthorized signature. *Id.* The court, affirming a grant of summary judgment, found that the bank's actions were in violation only of an implied term of its contract with the plaintiff, not of an implied or express warranty such that its actions constituted "false, misleading or deceptive acts or practices" in violation of the DTPA. *Id.* at 839. Whether Bank One's alleged inactions amounted to mere "[n]onperformance under a contractual obligation" or, rather, to "false, misleading or deceptive acts or practices," is a question not appropriately resolved at this stage of the litigation given the incomplete state of the record. Among other things potentially relevant to this determination is the trust agreement, which is not before the Court.

The Court accordingly **DENIES** Bank One's Motion to Dismiss Hardge's DTPA claim.

*B. Breach of Contract Claim*

Hardge pleads that Bank One entered into "an agreement to timely, properly and promptly pay the monthly COBRA health insurance premium to maintain the health insurance policy in effect," but failed to do so. Bank One moves the Court to dismiss Hardge's claim for breach of

---

[3] Bank One alternatively requests that the Court dismiss Hardge in her individual capacity as a plaintiff, as she was not a consumer except potentially in her capacity as next friend for M.H. The Court declines to do so at this time, given the incomplete record before it, which does not detail the creation or terms of the trust. Such a position may be presented on summary judgment.

contract, primarily for the same reason rejected above: that its assurances to Hardge were gratuitous promises. Bank One also argues, in reply to Hardge's response to the Motion, that a trust beneficiary may not bring an action for breach of contract against a trustee based on the trustee's alleged failure to perform its discretionary duties under a trust. Hardge's claim of breach of contract is not predicated on the discretionary duties enumerated in the trust instrument. Were it so, summary judgment would be very likely. Rather, the claim appears to be an attempt to enforce an express agreement by Bank One to pay the COBRA premiums. The record is insufficiently developed for the Court to determine if the contract alleged fails for lack of consideration. A record on summary judgment might establish such a position. The Court thus **DENIES** Bank One's Motion to Dismiss Hardge's claim for a breach of contract.

### C. Negligence *per se*

Bank One moves the Court to dismiss Hardge's claim of negligence *per se*. Hardge accedes to this portion of the Motion. Her claim of negligence *per se* against all of the Defendants is therefore **DISMISSED**.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED** except as to Hardge's claim of negligence *per se*, which is **DISMISSED**.

**SO ORDERED.**

April 26, 2007.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS